John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
Joseph A. Reiter, State Bar No. 294976
jreiter@hueston.com
Michael H. Todisco, State Bar No. 315814
mtodisco@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:     (213) 788-4340
Facsimile:     (888) 775-0898

Attorneys for Defendants
BLACKBERRY CORPORATION
and BLACKBERRY LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILEIRON, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BLACKBERRY CORPORATION, a Delaware corporation, and BLACKBERRY LTD., a Canadian company, and DOES 1-50,<br><br>Defendants. | Case No. 3:20-cv-02877<br><br>**DEFENDANTS BLACKBERRY CORPORATION'S AND BLACKBERRY LTD.'S MOTION TO STAY LITIGATION PENDING INTER PARTES REVIEW OF MOBILEIRON'S PATENTS-IN-SUIT**<br><br>Date:  December 4, 2020<br>Time:  9:30 a.m.<br>Courtroom:  F<br>Complaint Filed:  April 27, 2020<br>First Amended: June 29, 2020<br><br>Chief Magistrate Judge Joseph C. Spero |

**TO ALL PARTIES AND THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that at 9:30 a.m. on December 4, 2020, in Courtroom F before the Honorable Joseph C. Spero, Chief Magistrate Judge for the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants BlackBerry Corporation and BlackBerry Ltd. (together, "BlackBerry" or "Defendants") will and hereby do move this Court for an Order staying a portion of this litigation pending *inter partes* review

Case 3:20-cv-02877-JCS   Document 55   Filed 10/28/20   Page 2 of 11

of the patents asserted by Plaintiff MobileIron, Inc. ("MobileIron"). Specifically, BlackBerry moves that MobileIron's affirmative patent claims—Count I asserting infringement of U.S. Patent No. 8,359,016, Count II asserting infringement of U.S. Patent No. 9,426,120, Count III asserting infringement of U.S. Patent No. 8,869,307, and Count IV asserting infringement of U.S. Patent No. 10,038,598—be stayed pending the outcomes of *inter partes* reviews that have been requested as to all four patents.

This Motion is based on this Notice and the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such further evidence as may be received by the Court.

Dated:  October 28, 2020

Respectfully submitted,

HUESTON HENNIGAN LLP

By: _____
Moez M. Kaba
Attorneys for Defendants BLACKBERRY CORPORATION and BLACKBERRY LTD.

## I. INTRODUCTION

Defendants BlackBerry Corporation and BlackBerry Ltd. (together, "BlackBerry") respectfully move this Court to stay MobileIron, Inc.'s ("MobileIron") claims of patent infringement against BlackBerry pending resolution of recently filed *inter partes* reviews ("IPRs") before the U.S. Patent and Trademark Office Patent Trial and Appeal Board ("PTAB"). Specifically, BlackBerry requests that the Court stay Counts I through IV, which assert claims of infringement of U.S. Patent No. 8,359,016 (the "'016 Patent"), U.S. Patent No. 9,426,120 (the "'120 Patent"), U.S. Patent No. 8,869,307 (the "'307 Patent"), and U.S. Patent No. 10,038,598 (the "'598 Patent") (collectively, the "MobileIron Patents").

BlackBerry recently filed petitions requesting *inter partes* review of all four MobileIron Patents, with one petition each against the '016 Patent, the '120 Patent, and the '598 Patent, and two petitions against the '307 Patent. BlackBerry's IPR petitions challenge the patentability of all patent claims that BlackBerry believes will be asserted in this case, and each petition relies on prior art combinations that the U.S. Patent and Trademark Office did not consider during the prosecution of the MobileIron Patents.

Resolution of the pending IPRs will significantly simplify the present litigation. First, the petitions are likely to result in the invalidation of at least some, if not all, of the MobileIron Patent claims. Additionally, any statements MobileIron makes during the IPR proceedings will be relevant to issues that will arise during this litigation, including during claim construction. Finally, MobileIron will suffer no undue prejudice from a stay, especially given the early stage of this case. For all these reasons, staying MobileIron's patent claims is appropriate at this time.

## II. BACKGROUND

Before this lawsuit began, BlackBerry notified MobileIron that MobileIron was infringing several BlackBerry patents. *See* Dkt. Nos. 32-5, 32-6 (Notice Letters). On April 27, 2020, MobileIron filed this litigation in response. *See* Dkt. Nos. 1 (Complaint), 32 (Amended Complaint).

The allegations in MobileIron's First Amended Complaint largely fall into two categories: (1) causes of action pertaining to BlackBerry's patents and BlackBerry's assertion thereof,

including a request for declaratory judgment of non-infringement and other civil allegations, *see* Dkt. No. 32, Counts V-X; and (2) allegations that BlackBerry infringes the four MobileIron Patents, *see id.*, Counts I-IV.

On September 17, 2020, BlackBerry filed IPRs challenging the validity of all four MobileIron Patents. A list of these IPRs is summarized in the table below.

| Patent, Claims | IPR Case Number |
|---|---|
| '016 Patent, all claims | IPR2020-01604 |
| '120 Patent, all claims | IPR2020-01519 |
| '307 Patent, all claims | IPR2020-01593; IPR2020-01594 |
| '598 Patent, claims 18-20 | IPR2020-01634 |

The IPR petitions challenge all claims of the '016 Patent, the '120 Patent, and the '307 Patent. For the '598 Patent, the IPR petition challenges only claims 18-20. While MobileIron has not yet served infringement contentions in this matter, BlackBerry believes that MobileIron will likely only assert Claims 18-20 of the '598 Patent. BlackBerry notes that MobileIron's First Amended Complaint uses, as exemplary claims illustrating the alleged infringement, Claim 1 of the '016 Patent, *see* Dkt. No. 32 ¶ 22, Claim 1 of the '120 Patent, *see id.* ¶ 41, Claim 1 of the '307 Patent, *see id.* ¶ 57, and Claim *18* of the '598 Patent, *see id.* ¶ 73. That said, should MobileIron assert additional claims of the '598 Patent, BlackBerry stands ready to promptly file an IPR as to those claims as well.

On October 22, 2020, the PTAB issued a Notice of Filing Date as to IPR2020-01519. Ex. A. On October 28, 2020, the PTAB issued a Notice of Filing Date as to IPR2020-01593. Ex. B. BlackBerry expects similar notices relating to the remainder of the IPRs to issue promptly. Based on the Notice of Filing Dates as to IPR2020-01519 (for the '120 Patent) and IPR2020-01593 (for the '307 Patent), MobileIron's deadlines to respond to those IPRs will be January 22, 2021 and January 28, 2021. *Id.* The PTAB will then issue its Institution Decisions by April 22, 2021 and April 28, 2021. 35 U.S.C. § 314(b). The other IPRs will likely follow similar timelines. Absent good cause, the PTAB must make a final determination in each of the IPRs within a year after institution. 35 U.S.C. § 316 (a)(11).

1   This case is at a very early stage. BlackBerry has filed a Motion to Dismiss Counts IV through X of MobileIron's First Amended Complaint. *See* Dkt. No. 38, and that motion remains pending. BlackBerry has not yet filed an answer. MobileIron has not yet served infringement contentions. The Initial Case Management Conference is scheduled for November 13, 2020, and the case schedule has not yet been set. Nor has discovery begun.

### III.     LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). While courts are "under no obligation to stay proceedings pending parallel litigation in the PTAB, . . . judicial efficiency and the desire to avoid inconsistent results may, after a careful consideration of the relevant factors, counsel in favor of a limited stay, even before the PTAB has acted on a petition for IPR." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (quoting *Delphix Corp. v. Actifio, Inc.v*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014)). Indeed, some courts in this district have recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Id.* (quoting *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct 11, 2011)).

Courts consider three factors when determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* (quoting *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014); *see also Brixham Sols. Ltd. v. Juniper Networks, Inc.*, No. 13-cv-00616-JCS, 2014 WL 1677991 (N.D. Cal. April 28, 2014) (Spero, J.) (finding all three factors support stay).

"[I]t is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent" *Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-05920 JSW, 2018 WL 6972999, at *2 (N.D. Cal. Jan. 29, 218) (citing *Evolutionary Intelligence*, 2014 WL 261837 at

*3). To the contrary, in many cases, "[w]ere the Court to deny the stay until a decision on [the] institution is made, the parties and the Court would expend significant resources on issues that could eventually be mooted by the IPR decision." *Finjan*, 139 F. Supp. 3d at 1037.

## IV. ARGUMENT

The Court should grant BlackBerry's motion to stay Counts I through IV, which assert infringement of the MobileIron Patents, pending resolution of the IPRs. All factors favor a stay here, where: (1) the case is at the earliest possible stage; (2) there is significant potential for simplifying the case; and (3) there is no undue burden to MobileIron.

### A. The Stage of This Litigation Strongly Favors A Stay

The first factor, the stage of the litigation, strongly supports a stay, because this case is at the earliest possible stage. *See Aavid Thermalloy LLC v. Cooler Master, Ltd.*, No. C 17-05363 JSW, 2019 WL 4009166, at *2 (N.D. Cal. Aug. 26, 2019) (finding case at an "early stage," weighing in favor of a stay, after amended infringement contentions were served); *Carl Zeiss A.G. v. Nikon Corp.*, No. 217CV07083RGKMRW, 2018 WL 5081479, at *2 (C.D. Cal. Oct. 16, 2018) ("When cases are in the initial stages of litigation and there has been little or no discovery, policy favors granting a motion to stay pending IPR."); *Brixham Solutions Ltd, v. Juniper Networks, Inc.*, No. 13-cv-00616-JCS, 2014 WL 1677991, at *2 (N.D. Cal. April 28, 2014) (Spero, J.) (finding a stay warranted when the Court had not set deadlines for fact or expert discovery).

Indeed, the posture of this case in particular supports issuing a stay *prior to* the PTAB's determination on whether to institute the IPRs. This is because, to date, the parties have done no litigation work relating to MobileIron's affirmative patent claims. No infringement contentions or invalidity contentions have been served, and claim construction briefing has not yet begun. Putting these efforts on hold for an additional six months will cause no prejudice to either party. In contrast, if the Court were to delay staying this case approximately six months, until *after* the PTAB issues its institution decisions, the parties would likely have to engage in significant work relating to infringement contentions, invalidity contentions, claim construction, and discovery. *See* Dkt. No. 52 (setting November 13, 2020 date for Initial Case Management Conference); *see also* Patent L.R.s 3-1, 3-2, 3-3, 3-4, 4-1, 4-2, 4-3, 4-4, 4-5 (setting several case deadlines relating to

infringement contentions, invalidity contentions, and claim construction, all keyed off date for Initial Case Management Conference).  It would be inefficient for the parties to engage in that amount of work, when the institution decisions will likely significantly change the landscape of MobileIron's infringement case.  *See Finjan*, 139 F. Supp. 3d at 1037 ("Were the Court to deny the stay until a decision on [the] institution is made, the parties and the Court would expend significant resources on issues that could eventually be mooted by the IPR decision.").

### B. A Stay Will Simplify the Issues in This Action

The second factor, simplification of issues, also weighs in favor of a stay.  "A stay is particularly justified where the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues."  *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-CV-04206 EJD, 2014 WL 2738501, at *2 (N.D. Cal. Jun. 11, 2014).  Here, substantially all of the claims in the MobileIron Patents—and all of the claims that BlackBerry expects MobileIron to assert—are subject to IPRs.  The PTAB's determinations on the IPRs will accordingly provide guidance on a significant portion of this case, namely, MobileIron's affirmative claims for patent infringement.

If the PTAB invalidates all challenged claims of the MobileIron Patents, that would eliminate MobileIron's infringement case, which would clearly result in simplification of the issues.  But even invalidation of only some of the MobileIron Patent claims will reduce the burden of this litigation on the Court and the parties.  *See Evolutionary Intelligence*, 2014 WL 2738501, at *4 (if "the PTO modifies or cancels [even] some . . . of the claims subject to review, both the court and [the] parties benefit because the scope of this case may be narrowed and further proceedings will be streamlined").  And it is highly likely that the IPRs *will* invalidate at least some patent claims.  PTAB statistics show that more than 50% of IPR petitions have been instituted, and 80% of final written decisions have found at least one claim to be unpatentable. Ex. C, (https://www.uspto.gov/sites/default/files/documents/Trial_Statistics_20200630_.pdf) at 6, 11.

Even if some or all of the challenged claims survive, the IPRs will simplify the issues left to be litigated in this case by creating additional prosecution history (including, for example, claim interpretations) and avoiding duplicative costs and efforts.  *See Evolutionary Intelligence*, 2014 WL

2738501, at *4 (even if the IPR proceedings do "not result in any cancelled or modified claims, this court will receive the benefit of the PTO's expertise and guidance on these claims.") (internal citations omitted); *see also Robert Bosch Healthcare Sys. v. Cardiocom, LLC*, No. C-12-3864 EJD, 2012 WL 6020012, at *2 (N.D. Cal. Dec. 3, 2012) (even if the reexamination will only simplify some, but not all, of the issues in a case, this factor still weighs in favor of a stay) (internal citations omitted). Furthermore, BlackBerry may be estopped from raising invalidity grounds that were addressed during the IPRs. *See* 35 U.S.C. § 315(e)(2); *Aavid Thermalloy*, 2019 WL 4009166, at *3 ("As has been repeatedly stated in this District, even if all the asserted claims survive IPR, the case could still be simplified because Defendant would be bound by the estoppel provisions for IPR and thus could not raise before this Court any arguments that it raised or reasonably could have raised at the PTO in its petition.") (internal quotations and citations omitted).

Because the IPRs will reduce the burden and effort related to litigating MobileIron's affirmative patent claims, a stay of that portion of the case is warranted.

### C. A Stay Would Not Unduly Prejudice or Give MobileIron a Clear Tactical Disadvantage

MobileIron will not suffer undue prejudice as a result of a stay. In assessing "whether a stay will unduly prejudice or tactically disadvantage the nonmoving party[,] courts assess four subfactors: '(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties.'" *NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352-EJD, 2020 WL 836714, at *2 (N.D. Cal. Feb. 20, 2020) (quoting *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-cv-06737-JST, 2019 WL 1905161, at *5 (N.D. Cal. Apr. 29, 2019)). Here, these factors favor a stay.

#### 1. The Timing of the Petition for Review

BlackBerry filed its IPRs on September 17, 2020, less than three months after MobileIron filed its Amended Complaint, and less than five months after MobileIron filed its original Complaint. BlackBerry filed its IPRs before even receiving infringement contentions in this matter. It is thus clear that BlackBerry has not delayed filing its IPRs in an effort to seek some inappropriate tactical advantage. *See Sec. People, Inc. v. Ojmar US, LLC*, No. 14-CV-04968-HSG,

2015 WL 3453780, at *4 (N.D. Cal. May 29, 2015) (finding no delay where the defendant "filed its petition for IPR (and the instant motion to stay) with more than six months remaining of the one-year statutory limit") (internal citations omitted); *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) (filing of IPRs within the one-year statutory limit does not constitute undue prejudice).  This subfactor thus favors a stay.

### 2. The Timing of the Request for the Stay

This request for a stay is being brought on a timely basis: a little over a month after BlackBerry filed its IPRs, less than a week after receiving one Notice of Filing Date, the same day as the second Notice of Filing Date, and *before* receiving the remaining three Notices of Filing Date.  While BlackBerry had hoped to file its request for a stay after the issuance of all Notices of Filing Date—which typically issue more promptly and which set the schedule for the IPRs—BlackBerry is sensitive to delay, and has instead filed its request for a stay before the remainder of the Notices issue.  This timing weighs strongly in favor of a stay.  *See Caravan Canopy Int'l, Inc. v. Home Depot U.S.A., Inc., et al.*, SACV 19-1072 PSG (ADSx), 2020 WL 5834297, at *3 (C.D. Cal. Aug. 19, 2020) (timing of the request weighed in favor of stay were "Defendant moved to stay seventeen days after filing its IPR petition, on June 18, 2020, which was the day it received the Patent Office's Notice of Filing Date Accorded"); *see also GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-CV-03590-JST, 2017 WL 2591268, at *5 (N.D. Cal. June 15, 2017) (no finding of prejudice where the defendant filed its motion for stay just days after it filed its IPR petitions).

### 3. The Status of Review Proceedings

As mentioned above, the IPRs were recently filed.  But this Court has previously granted a stay in a similar situation.  *See Brixham Sols. Ltd.,* 2014 WL 1677991, at *1-2 (Spero, J.).  And it "is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." *Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-05920 JSW, 2018 WL 6972999, at *2 (N.D. Cal. Jan. 29, 2018) (internal citations omitted); *Elekta Ltd. v. ZAP Surgical Sys., Inc.*, No. C 19-02269 JSW, 2019 WL 9100404, *2-3 (N.D. Cal. Nov. 8, 2019) (finding this factor weighs in favor of staying where the IPR has been filed and not yet instituted).

Moreover, the PTAB adjudicates IPR petitions in a relatively short timeframe, with final determinations issuing approximately a year and a half after filing. *See* 35 U.S.C. § 316 (a)(11). Thus, the short delay until a final determination—in the context of the very early stage of this district court litigation—will cause no prejudice to MobileIron. Indeed, "[c]ourts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014).

### 4. The Relationship of the Parties

MobileIron may argue that a stay will prejudice it, because the parties are competitors. But MobileIron did not file this litigation to stop competition by BlackBerry; it filed as a reflexive response to *BlackBerry's* allegations that *MobileIron* was infringing patents. *See* Dkt. Nos. 32-5, 32-6 (BlackBerry's August 26, 2019 and March 9, 2020 notice letters dated accusing MobileIron of infringement); Dkt. No. 1 (MobileIron's April 27, 2020 Complaint for, *inter alia*, Declaratory Judgment of Non-Infringement); *id.* at ¶ 110 (alleging MobileIron's "fear of the Black[B]erry Defendants bringing suit at least based on their correspondence dated August 26, 2019 and March 9, 2020"). Nor has MobileIron requested a preliminary injunction in this matter. For these reasons, any allegation by MobileIron that it will be harmed by competition during an 18-month stay is not credible. *See Sec. People, Inc.*, 2015 WL 3453780, at *5 (("Courts in this district require 'evidence to substantiate an argument that direct competition will result in prejudice to the non-moving party.'") (internal citations omitted); *GoPro, Inc. v. C&A Mktg., Inc.*, 2017 WL 2591268, at *6 ("[F]ailure to seek a preliminary injunction cuts against [a] claim of prejudice from delay . . . ."); *Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. SACV 12-1661-JST, 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) ("[F]ailure to file for a preliminary injunction . . . suggests that monetary damages will adequately compensate Plaintiff should Defendants be found liable for patent infringement.").

Nor will the fact that only a portion of the overall case will be stayed prejudice MobileIron. The two halves of the case—MobileIron's claims about its own patents and MobileIron's claims about BlackBerry's patents—are easily separable. Discovery on these matters is unlikely to

overlap in any meaningful way.  Thus, this factor favors a stay.

## V.     CONCLUSION

For the foregoing reasons, BlackBerry respectfully requests that the Court stay MobileIron's Counts I through IV pending resolution of the PTAB's IPRs on the '016, '120, '307, '598 Patents.

Dated:  October 28, 2020                       Respectfully submitted,

                                                HUESTON HENNIGAN LLP

                                                By: _____
                                                     Moez M. Kaba
                                                     Attorneys for Defendants BLACKBERRY
                                                     CORPORATION and BLACKBERRY
                                                     LTD.